PER CURIAM.
From a judgment in the District Court, rendered on October 30, 1964, in an action by plaintiffs Austin Miller et al. against defendant Colonial Pipeline Company, the plaintiffs were granted a devolutive appeal to this court on November 4, 1964. The appeal bond was posted on November 10, 1964, perfecting the appeal. Also, defendant, within the ninety-day period allowable for devolutive appeals, under LSA-C.C.P. art. 2087, was granted a devolutive appeal on December 7, 1964, without the necessity of furnishing bond therefor.
The plaintiffs move to dismiss the appeal perfected by defendant, basing their motion upon the original wording of LSA-C. C.P. Art. 2088 as enacted. This article provides that the jurisdiction of the trial court is divested upon the timely filing of the appeal bond in the trial court (or, if no bond is required, upon the granting of the appeal), with certain specified exceptions not including (under the original wording) the granting of a second appeal from the same judgment.
However, by Act 4 of 1964, the legislature amended LSA-C.C.P. Art. 2088 so as to provide specifically that the perfection of an appeal does not divest the trial court of jurisdiction to “ * * * (6) Grant an appeal to another party; * * See West’s Louisiana Legislative Service (1964, No. 1; August, 1964).
Likewise, we might point out, LSA-C. C. P. Art. 2087 (providing for the delays within which to take devolutive appeals) was amended by Act 92 of 1962 so as to contain the following additional provision as a last paragraph of the article:
* * * When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any other appellee, may take a devolutive appeal therefrom, and furnish the security therefor, within the [ninety-day] delays allowed in the first paragraph of this article, or within ten days of the granting of the first devolutive appeal in the case, whichever is later.” (Italics ours.)
Under the foregoing statutory provisions, the perfection of the first devolutive appeal by the plaintiffs did not divest the trial court of jurisdiction to grant defendant the second devolutive appeal.
We therefore deny the plaintiffs’ motion to dismiss the timely perfected devolutive appeal of the defendant.
Motion to dismiss appeal denied.